In re PRAIRIE CENTRAL
RAILWAY, Debtor.

Richard M. KATES, Trustee, Plaintiff,

v.

TRANSAMERICA INSURANCE GROUP,
Stephen Schlegel, Di Domenico Agency,
and Clausen Miller, P.C., Defendants.

Bankruptcy No. 85 B 05350.
Adversary No. 96 A 01789.

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

June 11, 1997.

233

Richard M. Kates, Chicago, IL, for Plaintiff.

William J. Hacker and Stephen J. Schlegel of Clausen Miller, P.C., Chicago, IL, for Defendants.

### MEMORANDUM OPINION ON TRUSTEE'S MOTION TO DISQUALIFY DEFENSE COUNSEL

JACK B. SCHMETTERER, Bankruptcy Judge.

This Adversary proceeding relates to the Chapter 7 bankruptcy case wherein assets of the debtor Prairie Central Railway are being collected, liquidated, and distributed to creditors.

Plaintiff Richard M. Kates, as Chapter 7 Trustee ("Plaintiff," "Kates," or "Chapter 7 Trustee"), sued here to recover unearned premiums on a canceled bond and to claim that the premium itself was excessive. He also alleges in Count II that attorneys of the firm now known as Clausen Miller P.C. breached their fiduciary duty and were guilty of negligence, harming the bankruptcy estate by arranging for purchase of an overpriced bond from and through their other clients.

Plaintiff has moved to disqualify counsel from the Clausen Miller firm who appeared for Defendants Transamerica Insurance Group ("Transamerica") and Di Domenico Agency ("Di Domenico" and collectively "Defendants") He relies on Rule 1.9 of the Illinois Rules of Professional Conduct ("Illinois Rules").

Rule 1.9 of the Illinois Rules is substantially the same as Rule 1.9(A) of the Rules of Professional Conduct of the United States District Court for the Northern District of Illinois ("Local Rules") which applies here. *Thermodyne Food Service Products, Inc. v. McDonald's Corp.*, 960 F.Supp. 138, 139–40 (N.D.Ill.1997). Rule 1.9 prohibits an attorney who has represented a client in a matter from representing an adverse client in the same or a substantially related matter without the former client's consent.

After considering the pleadings and briefs filed, and by separate order, Plaintiff's motion to disqualify Defendant's counsel is granted.

### BACKGROUND AND FACTS PLEADED

Debtor Prairie Central Railway Company ("Debtor" or "Prairie Central") filed the underlying bankruptcy case under Chapter 11 of the Bankruptcy Code, title 11, 11 U.S.C. on April 25, 1985. Stephen J. Schlegel ("Schlegel"), an attorney with Clausen Miller Gorman & Witous, P.C., now known as Clausen Miller P.C. ("Clausen Miller"), was then appointed Chapter 11 Trustee. The case was converted to one under Chapter 7 on November 4, 1993. Richard M. Kates was elected Chapter 7 Trustee in 1993 and currently is the Trustee. Debtor, through Chapter 7 Trustee Kates, paid trustee fees to the former Chapter 11 Trustee, Schlegel, and also paid attorney's fees to Clausen Miller. Trustee's Reply, ex. B.

As Chapter 11 Trustee, Schlegel was required to obtain a Trustee's bond. 11 U.S.C. § 322(a). Clausen Miller purchased the bond on behalf of Schlegel from Transamerica through its agent Di Domenico. Trustee's Reply, Ex. A. The Complaint asserts that Transamerica was a client of Clausen Miller when the bond was obtained.

Defendants are currently represented by the law firm Clausen Miller, but former trustee Schlegel is not personally involved in Defendants' representation.

Chapter 7 Trustee Kates asserts that Clausen Miller's former and present representation of Transamerica and Di Domenico constituted and now constitutes a conflict of interest forbidden by the Rules of Professional Conduct. He asserts that a conflict now exists because of the issues posed by the Amended Adversary Complaint. That Complaint alleges that Defendants failed to tender an appropriate refund due upon cancellation of the bond, that they overcharged the estate for purchase of the bond, and that Clausen Miller was negligent and breached its fiduciary duty owed to the Debtor by purchasing an overpriced bond for the Trustee from its other clients.

Clausen Miller argues that there is no violation of Rule 1.9 because former trustee Schlegel and Defendants received notice of the conflict and consented to such representation. Clausen Miller further argues that the Chapter 7 Trustee lacks standing to bring this motion as "such matters are between the former Trustee and Defendants, and do not involve Plaintiff–Trustee in any way, shape or form. . . ." Clausen Response, ¶ 1B. Clausen Miller also argues that the Adversary proceeding is neither the same nor a substantially related matter as required by Rule 1.9. Finally, Clausen Miller argues that the attorney actually appearing for Defendants in this Adversary did not appear or represent the former trustee.

### JURISDICTION

Subject matter jurisdiction lies under 28 U.S.C. § 1334. This matter is before the Court pursuant to 28 U.S.C. § 157 and Local General Rule 2.33(A) of the United States District Court for the Northern District of Illinois. Venue lies properly under 28 U.S.C. § 1409. This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A).

### DISCUSSION

Motions to disqualify an attorney are generally viewed with disfavor and should not be granted unless absolutely necessary. *Chemical Waste Management, Inc. v. Sims,* 875 F.Supp. 501, 503 (N.D.Ill.1995) (stating, "disqualification of counsel, while protecting the attorney-client relationship, also serves to destroy a relationship by depriving a party of representation of their own choosing."); *see also, Continental Holdings, Inc. v. United States Can Co.,* 1996 WL 385346 (N.D.Ill. July 3, 1996). However, "courts have a duty to safeguard the sacrosanct privacy of the attorney-client relationship so as to maintain public confidence in the legal profession and to protect the integrity of the judicial proceeding." *Chemical Waste Management,* 875 F.Supp. at 503.

Rule 1.9 of the Illinois Rules governs conflicts of interest with former clients and provides in relevant part: "A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client, unless the former client consents after disclosure." Il. Sup.Ct. Rule 1.9(a)(1); *see also,* U.S. Dist. Ct. R. 1.9(a), N.D. Ill. The rule presents three issues: (1) whether this is a substantially related matter; (2) whether materially adverse interests are at stake; and (3) whether the former client has consented to the conflicted representation.

A Seventh Circuit opinion has held that two matters are substantially related when

. . . the lawyer could have obtained confidential information in the first representation that would have been relevant in the second. It is irrelevant whether he actually obtained such information and used it against his former client, or whether—if the lawyer is a firm rather than an individual practitioner—different people in the firm handled the two matters and scrupulously avoided discussing them.

*Analytica, Inc. v. NPD Research, Inc.,* 708 F.2d 1263, 1266–67 (7th Cir.1983) (collecting cases). This test has three basic elements:

Initially, the trial judge must make a factual reconstruction of the scope of the prior legal representation. Second, it must be determined whether it is reasonable to infer that the confidential information allegedly given would have been given to a lawyer representing a client in those matters. Finally, it must be determined whether that information is relevant to the issues raised in the litigation pending against the former client.

*Novo Terapeutisk Lab. A/S v. Baxter Travenol Labs.,* 607 F.2d 186, 195 (7th Cir.1979) (en banc) (citations omitted). "The 'substantial relationship' inquiry is not concerned with whether actual confidences were disclosed ... Instead, the court is to make a 'realistic appraisal of the possibility that confidences had been disclosed in the one matter which will be harmful to the other.'" *Thermodyne,* 960 F.Supp. 138 (citing *Westinghouse Elec. Corp. v. Gulf Oil Corp.,* 588 F.2d 221, 224 (7th Cir.1978)).

In this case, the dispositive facts are not in dispute. Former trustee Schlegel and Clausen Miller participated in purchase of the bankruptcy trustee's bond in connection with Debtor's Chapter 11 case. Clausen Miller caused the bond to be purchased from defendant Transamerica. The bond was purchased through defendant Di Domenico. The current Adversary issues arise directly out of that purchase, because it concerns the appropriate amount of refund due the bankruptcy estate that arises from purchase and cancellation of the bond, and also concerns the propriety of Clausen Miller's actions in arranging the bond purchase.

While acting as Chapter 11 Trustee, Schlegel was representative of the bankruptcy estate. 11 U.S.C. § 322. As such, he was privy to all information concerning the estate's ability to provide a trustee's bond. From this, it is reasonable to infer that confidential information would have been given to any lawyer representing the client in such matters. *See Novo Terapeutisk,* 607 F.2d at 195. Such information would certainly be relevant to issues raised in the pending litigation against Defendants and Clausen Miller.

Moreover, this is clearly a case of materially adverse interests. Kates alleges Defendants owe a refund to the estate due to replacement of the former trustee as well as for overcharging for the insurance bond. To the contrary, Defendants assert that they offered an appropriate refund to the estate and had no requirement to charge any specific amount for the bond.

▮ Despite the foregoing, Clausen Miller argues that Rule 1.9 is inapplicable as the former trustee and the Defendants herein have consented to the representation. This argument, however, assumes that Schlegel was its former client. When an attorney is retained as the trustee's request, the attorney's client is actually the estate, not the trustee. *In re Delta Petroleum (P.R.) Ltd.,* 193 B.R. 99, 111 (D.Puerto Rico 1996); *In re Johnson,* 1994 WL 163911, *2, 25 B.C.D. 827 (N.D.Cal.1994) (attorneys hired by an organization or legal entity owe a duty of loyalty to the entity, not to the individuals in charge thereof). Moreover, professionals hired by the bankruptcy estate are also fiduciaries of the estate. *Matter of Taxman Clothing Co.,* 49 F.3d 310, 314 (7th Cir.1995). Schlegel was merely an agent for the Debtor's estate. Schlegel, therefore, does not hold authority to consent to the present Rule 1.9 conflict of interest as a former client would.

Thus, when Clausen Miller purchased the trustee bond for Schlegel, it purchased it as counsel to the bankruptcy estate. Rule 1.9 requires consent by the former client. The former client involved here was neither the former trustee nor Defendants, but the bankruptcy estate. *See Delta Petroleum,* 193 B.R. at 111. The required consent must now come from the present Trustee, Kates. *Matter of Daddario,* 145 B.R. 127, 130 (Bankr. D.Conn.).

▮ Under 11 U.S.C. § 323(a), the current Chapter 7 Trustee Richard Kates is representative of the estate. As such, only he holds the right to give or withhold consent for the conflicted representation. A trustee in bankruptcy acts as agent for the bankruptcy estate. *Matter of L & S Indus., Inc.,* 989

F.2d 929, 933, 934 (7th Cir.1993) (articulating that the trustee's fiduciary role as a "function analogous to [that] exercised by management" and that "the trustee's primary responsibility is to the estate"). Moreover, even when the bankruptcy trustee is not acting as lawyer for the estate, "the trustee's relationship is reasonably analogous to an attorney's relationship with a client." *Daddario*, 145 B.R. at 130 (Chapter 7 trustee successfully moved to disqualify interim trustee from representing adverse parties in fraudulent transfer proceeding brought by Chapter 7 trustee). Kates brought this motion to disqualify Clausen Miller, and therefore the bankruptcy estate as former client clearly has not consented to the Complaint.

■ Clausen Miller also argues that Trustee's motion should not be granted as Schlegel is not participating in the current proceeding, and William Hacker (the partner with Clausen Miller currently representing Defendants) did not appear or represent the former trustee. However, no attorney from the Clausen Miller firm is qualified to represent Defendants in this case. Rule 1.10 provides that "no lawyer associated with a firm shall represent a client when the lawyer knows or reasonably should know that another lawyer associated with that firm would be prohibited from doing so by Rules 1.7, 1.8(c) or 1.9, except as permitted by Rules 1.10(b), (c), or (d), or by Rule 1.11 or Rule 1.12." Ill. Sup.Ct. Rule 1.10(a). U.S. Dist. Ct. R., N.D. Ill. 1.10(a).

Schlegel was the Chapter 11 Trustee for a number of years. "A conclusive presumption has arisen that he, as a former trustee, is in an inherently conflicting position, necessitating his withdrawal as attorney for parties claimed against by the estate. "*Daddario*, 145 B.R. at 130. Thus, because Schlegel would be unable to represent Defendants pursuant to Rule 1.10, the entire firm of Clausen Miller is unable to represent Defendants. "A law firm is not permitted to switch sides if its former representation was substantially related to its new representation, no matter what screens it sets up." *Analytica*, 708 F.2d at 1268. In the matter herein, Clausen Miller has in effect switched sides.

■ Finally, Clausen Miller also argues that the Chapter 7 Trustee lacks standing to bring this motion as all matters are between the former trustee and Defendants. Section 323 of the Bankruptcy Code provides not only that the trustee is the representative of the estate, but also specifies that the Trustee has the capacity to sue and be sued. 11 U.S.C. § 323. The estate, as once represented by the former trustee, was Clausen Miller's former client. It is the estate which is now seeking the refund, arguing it was overcharged, and alleging the former trustee and its lawyers breached their fiduciary duty. Under § 323(a), the current Chapter 7 Trustee is the representative of the estate, and certainly has standing to bring the litigation and this motion.

### CONCLUSION

Clausen Miller's continued representation of the other Defendants would violate both the Illinois Rules and the Local District Court Rules of Professional Conduct.

For reasons set forth above and by separate order to be entered, the Trustee's motion to disqualify will be granted. Defendants other than Clausen Miller will be given time to locate new counsel and to file an answer or other responsive pleading to the amended complaint.